**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| The American Registry of Radiologic Technologists,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Deborah Irlando,<br><br>　　　　　Defendant. | Court File No._____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff The American Registry of Radiologic Technologists ("ARRT") brings this action against Defendant Deborah Irlando ("Defendant") and for its Complaint asserts as follows:

## INTRODUCTION

1. This is an action for breach of contract, trademark infringement, and unfair competition, as well as for violations of the common law of Colorado arising from Defendant's wrongful use of the ARRT trademarks to falsely represent an affiliation with ARRT that does not exist. ARRT brings this action to enforce the terms of a settlement agreement previously reached with Defendant, and to recover damages resulting from Defendant's infringement, unfair competition, and deceptive trade practices.

## THE PARTIES

2. ARRT is a Minnesota corporation with its principal place of business at 1255 Northland Drive, St. Paul, Minnesota 55120.

3. Defendant is an individual residing in the State of Colorado.

**JURISDICTION AND VENUE**

4. This is an action for breach of contract, trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125(a) and for related claims under applicable Colorado and Minnesota state law.

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338(b), as these claims arise under the law of the United States and ARRT's claims of unfair competition are joined with substantial and related claims under an Act of Congress related to trademarks. This Court has jurisdiction over ARRT's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to ARRT's federal unfair competition claim, over which this Court has original jurisdiction, in that they form part of the same case and controversy under Article III of the United States Constitution.

6. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the Parties and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendant because Defendant has consented in writing to jurisdiction in this District for purposes of enforcing a prior settlement agreement reached with ARRT.

8. This Court has pendent personal jurisdiction over Defendant with respect to ARRT's additional claims because they arise out of the same common nucleus of operative facts as ARRT's breach of contract claim.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant has consented in writing to venue in this judicial district for purposes of enforcing a prior settlement agreement reached with ARRT.

## BACKGROUND OF ARRT

10. ARRT is a non-profit national credentialing organization. Its mission is to promote and establish the highest standards of patient care in the fields of medical imaging, interventional procedures, and radiation therapy. ARRT has more than 335,000 registrants who successfully have met its educational, testing, and other requirements and who consequently have been certified and registered by ARRT in 15 different medical imaging specialties. These registered technologists conduct diagnostic exams, such as mammograms, bone density measurements, x-rays, and sonograms and provide treatment to patients such as administering radiation. The procedures are central to the diagnosis and/or treatment of nearly all serious injuries and illnesses. The American public relies on ARRT to ensure that the health care professionals performing these procedures are qualified and knowledgeable.

11. ARRT was founded in 1922 as the American Registry of X-Ray Technicians and was incorporated in 1936. In 1962, ARRT adopted the name it bears today—The American Registry of Radiologic Technologists.

12. From its inception, ARRT's purpose was, as it is today, to be a national credentialing organization and registry of radiologic and medical imaging technologists.

13. ARRT is the preeminent organization in the nation that certifies and registers radiologic and medical imaging technologists. While ARRT certification and

registration is voluntary, ARRT is the largest organization of radiologic technologists in the country and is the only organization in the country that registers and certifies individuals qualified in radiography.

14. Among other things, ARRT works to establish educational and professional behavior standards for radiologic technologists across the country. ARRT also develops and administers examinations designed to test applicants' core knowledge in an effort to identify those individuals who are qualified to practice as radiologic technologists.

15. Since 1962, ARRT has distinguished its registrants from other radiologic technologists by, among other things:

    (a) Providing each registrant with a certificate and credential card stating that the technologist has satisfied ARRT's educational, testing, and other requirements;

    (b) granting these, and only these, individuals the right to state on resumes, job applications, and other documents that they have satisfied ARRT's requirements, and that they accordingly are certified and registered with ARRT; and

    (c) Maintaining a registry of all duly certified and registered technologists, which is used as a reference for employers and state agencies to confirm whether certain individuals have demonstrated that they meet the core professional standards of a radiologic technologist.

16. Initial certification and registration is the process of recognizing individuals who have satisfied certain standards within a profession. A person is certified and registered by ARRT after meeting educational requirements (such as graduating from an approved educational program or completing clinical experience requirements), complying with ethics standards, and passing an examination. Annual renewal of certification and registration is the procedure required to maintain the ARRT credential. ARRT annually certifies and registers individuals who meet the following criteria: agreeing to comply with the ARRT Rules and Regulations, continuing to comply with the ARRT Standards of Ethics, and meeting Continuing Education ("CE") Requirements.

17. ARRT's registry is relied on and referenced by state agencies, hospitals, and health care employers nationwide to identify those individuals who have satisfied ARRT's rigorous standards and are thus considered by ARRT to be qualified to work as radiologic technologists.

18. Indeed, more than 75 percent of states have licensing laws covering the practice of radiologic technology. In those states, individuals must obtain a state license before working as a radiologic technologist. Many of these states use ARRT exam scores and/or credentials when making licensing decisions. Additionally, many health care facilities request or even require that radiologic technologists be certified and registered by ARRT. According to Medicare and Medicaid reimbursement requirements, hospitals offering radiology services must have at least one ARRT-certified and registered radiologic technologist on duty at all times.

19. The American public likewise relies on ARRT's registered technologists to provide high quality and safe medical services. Those credentialed by ARRT operate highly technical and potentially dangerous equipment, some of which uses radiation. Improper use of this equipment could cause serious and permanent injury, including increased risk of cancer or burns and, in some cases, death. Procedures performed incorrectly could lead to missed or incorrect patient diagnoses, delaying or preventing proper care. If procedures need to be performed again, this increases the cost to patients and the medical system as a whole.

## ARRT'S TRADEMARKS

20. On May 22, 2007, ARRT registered the ARRT service mark with the United States Patent and Trademark Office ("USPTO"). The first use of the ARRT service mark began on July 1, 1962, and the mark has been used continuously in interstate commerce since that time. A true and correct copy of the registration for the ARRT service mark is attached hereto as **Exhibit 1** and incorporated herein by reference.

21. On February 8, 2011, ARRT registered the R.T.(MR)(ARRT) certification mark with the USPTO. The first use of this certification mark occurred at least as early as March 1, 1995, and the mark has been used continuously in interstate commerce since that time. A true and correct copy of the registration for the R.T.(MR)(ARRT) certification mark is attached hereto as **Exhibit 2**. Upon meeting ARRT's certification standards, the R.T.(MR)(ARRT) certification mark may be used to indicate certification by ARRT as a magnetic resonance imaging technologist.

22. The service mark and certification mark described in paragraphs 20 through 21 herein shall be referred to collectively as the "ARRT Marks" or "Marks."

23. The registrations for the ARRT Marks are valid and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

24. For more than fifty years, ARRT has invested substantial time, money, and effort in developing the goodwill associated with its Marks. Beyond obtaining numerous trademark registrations, ARRT has engaged in extensive advertising in health-related publications and other media. Moreover, ARRT is actively associated with, and known by, educational programs for radiologic technologists and other diagnostic imaging professionals.

25. Through ARRT's efforts, the Marks have come to be recognized by the public and the health care industry as an indication that individuals certified and registered with ARRT are qualified to work as radiologic technologists and have satisfied ARRT's rigorous educational, testing, and other certification and registration standards.

26. The R.T.(MR)(ARRT) mark is a certification mark within the meaning of 15 U.S.C. § 1127.

## DEFENDANT'S WRONGFUL CONDUCT

27. Defendant has never been certified and registered with ARRT.

28. Defendant first applied for certification with ARRT in October 1998. That attempt was unsuccessful due to a failed examination.

29. Defendant attempted to take the examination again in March 1999, but requested postponement of her examination due to an emergency.

30. Defendant was then scheduled for examination in July 1999, but requested postponement too late and was treated as a no show.

31. In August 2001, Defendant requested a reexamination application. She was told she must apply by September 13, 2001, due to ARRT's requirement that applicants must have completed a program of formal education accredited by a mechanism ARRT accepts within the last three years. Defendant did not complete her examination within that time period.

32. In December 2003, Defendant reached out to ARRT again to inquire regarding her eligibility for registration and certification. She was told that she must re-graduate given ARRT's three-year rule. *See* https://www.arrt.org/pages/earn-arrt-credentials/initial-requirements/primary-requirements/education-requirements-primary/three-year-rule.

33. Despite never having been registered and certified with ARRT, and knowing that she was not, Defendant represented to employers that she was certified and registered by ARRT.

34. Specifically, in March 2012, ARRT learned that Defendant had misrepresented her certification and registration while employed by Spine One in Colorado.

35. Employees of Spine One in Colorado contacted ARRT when they realized Defendant had copies of two different credential cards in her file. ARRT certification and registration was required for employment by Spine One.

8

36. The numbers on these credential cards belonged to other individuals that either were or had been previously registered and certified by ARRT who lived in different states. The cards were forgeries.

37. ARRT was also contacted by an individual employed by the Colorado Department of Health that was investigating the issue.

38. In May 2012, ARRT sent a letter and settlement offer to Defendant related to her misrepresentations and infringement. The letter was sent via certified/return receipt mail, and was delivered in early June 2012.

39. In response to the letter, Defendant called ARRT representatives regarding the letter, indicating her intent to sign the settlement agreement but asking for an extension for signature and delivery.

40. On July 3, 2012, Defendant executed the settlement agreement (the "Agreement") with ARRT, and it was fully executed by both parties on July 17, 2012. A true and correct copy of the Agreement is attached hereto as **Exhibit 3.**

41. In the Agreement, Defendant acknowledged that she was afforded the opportunity to discuss the Agreement with counsel, that she read and fully understood the Agreement, and that she agreed to each of the provisions therein. *See id.* ¶ 10.

42. In the Agreement, Defendant consented jurisdiction and venue in any Minnesota Court of competent jurisdiction in the event of a violation of any term of the Agreement (a "Default"). *See id.* ¶ 6.

43. In the Agreement, Defendant acknowledged that she had "falsely represented that she was certified and/or registered as a Radiologic Technologist with the

9

ARRT" and agreed "to cease and desist from falsely representing herself in the future as being registered and/or certified by, or affiliated with the ARRT and from presenting any invalid ARRT document to any entity or person, for any purpose whatsoever." *See id.* ¶ 1.

44. In the Agreement, Defendant agreed that the following conduct constituted a Default: "(a) [f]ailing to cease and desist; (b) [r]epresenting that [she is] registered, certified, or affiliated with the ARRT; and/or (c) [p]resenting an invalid ARRT credential card or certificate." *See id.* ¶ 7.

45. In the Agreement, Defendant recognized and agreed that, if a Default occurs, ARRT will be "damaged in an amount equal to the sum of Ten Thousand and no/100 ($10,000.00) Dollars." *See id.* ¶ 8. Defendant agreed that such amount represented a good faith effort to quantify damages to ARRT in the event of a Default, and that such an amount was reasonable and not a penalty. *Id.*

46. In the Agreement, Defendant further agreed that if a Default occurs, Defendant consents to the entry of a permanent injunction in favor of ARRT. *See id.* ¶ 9.

47. In the Agreement, Defendant further agreed that should ARRT prevail in enforcing the terms of the Agreement, including any Default by Defendant, it shall be awarded its reasonable attorneys' fees. *See id.* ¶ 6.

48. In or around October 2025, ARRT was contacted by a recruiter at Radiology Imaging Associates ("RIA") regarding Defendant.

49. Defendant was not an applicant to RIA, but the RIA recruiter had come across Defendant's resume on the job-search website Indeed. A true and correct copy of

an email communication from the RIA recruiter disclosing this information is attached hereto as **Exhibit 4**.

50. The RIA recruiter provided the resume to ARRT. *See id.* A true and correct copy of the resume received from the RIA recruiter is attached hereto as **Exhibit 5**.

51. The last page of the resume lists Defendant's purported "Certifications and Licenses." *Id.* at 4. Defendant represents that she has "ARRT (MR) Certification" and "ARRT Certification":



*Id.* (rectangular annotations added).

52. However, Defendant was not registered and certified with ARRT and has never been registered and certified with ARRT.

11

53. Instead, as reflected on ARRT's website, Defendant is precluded from representing that she has ARRT credentials by the Agreement. A true and correct copy of ARRT's Verify Credentials webpage for Defendant is attached hereto as **Exhibit 6**.

54. Defendant's conduct constitutes one or more Defaults under the Agreement, and violates myriad state and federal laws, as set forth herein.

55. As a result of Defendant's conduct, ARRT has been harmed and continues to be harmed, as set forth herein.

## CAUSES OF ACTION

### COUNT I

### Breach of Contract – Damages and Injunctive Relief

56. ARRT realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

57. On July 3, 2012, Defendant executed the Agreement. *See* Ex. 3.

58. The Agreement specifies various events of Default, including failing to cease and desist improperly using ARRT's Mark, representing that she is registered, certified, or affiliated with the ARRT; and/or presenting an invalid ARRT credential card or certificate. *See id.* ¶ 7.

59. Defendant's presentation of a resume representing that she is credentialed by or affiliated with ARRT (*see* Ex. 5) constitute Defaults under the Agreement.

60. ARRT has been harmed as a result of Defendant's Defaults under the Agreement, and, as specified in and agreed to by Defendant in the Agreement, ARRT is entitled to $10,000 for each such Default. *See* Ex. 3, ¶ 8.

61. In addition, by Defendant's own admission, ARRT is entitled to a permanent injunction against Defendant from any further or continued use of ARRT's Marks in any manner in the event of a Default. *See id.* ¶ 9.

62. Finally, ARRT is entitled to reasonable attorneys' fees incurred in pursuing this action to enforce its rights under the Agreement. *See id.* ¶ 6.

## COUNT II

### Federal Trademark Infringement – Section 32(1) of the Lanham Act

63. ARRT realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

64. As set forth above, Defendant has, without ARRT's consent, used in commerce a reproduction, counterfeit, copy, or colorable imitation of the ARRT Marks in connection with her offer and sale of her services as a radiologic technologist. Defendant's unauthorized use of the ARRT Marks is likely to cause, and has caused, confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of Defendant with ARRT, and as to the sponsorship, approval, or certification of Defendant's commercial activities by ARRT.

65. Defendant's actions constitute violations of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114.

66. ARRT has been and will continue to be damaged by Defendant's unauthorized use of the ARRT Marks.

67. As a direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and continues to suffer irreparable harm for which ARRT has no adequate remedy at law.

68. Defendant's deliberate and intentional infringement makes this an exceptional case under 15 U.S.C. § 1117(a)(3).

## COUNT III

### Federal Unfair Competition – Section 43(a) of the Lanham Act

69. ARRT realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

70. Defendant's actions in using the ARRT Marks constitute a false designation of origin, sponsorship, approval, or certification, and a false description or representation of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71. Defendant's wrongful conduct, in connection with the offer and sale of her services as a radiologic technologist, misrepresents the nature, characteristics, and/or qualities of Defendant's commercial activities and the certification status of Defendant.

72. Defendant's infringement has been and continues to be willful and in bad faith because she knows that she was not certified or registered with ARRT at the time and yet she used the ARRT Marks and Name in order to misrepresent that she possessed ARRT certification and registration for employment purposes.

73. ARRT has been and will continue to be harmed by Defendant's wrongful conduct.

74. As the direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT IV

### Common Law Trademark Infringement

75. ARRT realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

76. Through adoption and continuous use of the ARRT Marks, ARRT has developed and acquired trademark rights at common law in the trademarks.

77. Defendant's unauthorized use of the ARRT's common law trademarks is likely to cause confusion or to deceive the public and constitutes trademark infringement under the common law of the State of Colorado and the laws of the United States.

78. ARRT has been and will continue to be harmed by Defendant's wrongful conduct.

79. As the direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT V

### Common Law Unfair Competition

80. ARRT realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

81. Defendant's wrongful conduct, as set forth herein, constitutes unfair competition and infringement of ARRT's common law right in the ARRT Marks and constitutes a violation of unfair competition in violation of the common law of Florida.

82. Defendant's wrongful conduct, as set forth herein, in connection with her offer and sale of her services as a radiologic technologist certified and registered by ARRT, is likely to cause, and has caused confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of Defendant with ARRT, as to the sponsorship or approval of Defendant's commercial activities by ARRT, and as to her qualifications, credentials, and certification status as a radiologic technologist.

83. Defendant's wrongful conduct, in connection with her offer and sale of her services as a radiologic technologist, was done with the intent to deceive the public as to the nature, characteristics, or qualities of Defendant's commercial activities.

84. By reason of Defendant's acts alleged herein, ARRT has been and will continue to be harmed by Defendant's wrongful conduct. ARRT has and will suffer damage to its business, reputation, and goodwill by reason of Defendant's acts.

85. As the direct and proximate result of Defendant's deliberate and intentional infringement and misrepresentation, Defendant has unlawfully profited and ARRT has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

# COUNT VI

## Violation of Colorado's Consumer Protection Act ("CCPA"),
## Colo. Rev. Stat. § 6-1-101 et seq.

86. ARRT realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

87. Defendant's wrongful conduct, as set forth herein, constitutes unfair or deceptive trade practices in violation of the CCPA (Colo. Rev. Stat. § 6-1-105).

88. Defendant's wrongful conduct, as set forth herein, constituted false representations as to the source, sponsorship, approval, or certification of her services.

89. Defendant's wrongful conduct, as set forth herein, constituted false representations as to affiliation, connection, or association with or certification by ARRT.

90. On information and belief, Defendant's wrongful conduct was done knowingly and recklessly—Defendant knew she was not registered or certified by ARRT.

91. Defendant's wrongful conduct, as set forth herein, in connection with her offer and sale of her services as a radiologic technologist certified and registered by ARRT, is likely to cause, and has caused confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of Defendant with ARRT, as to the sponsorship or approval of Defendant's commercial activities by ARRT, and as to her qualifications, credentials, and certification status as a radiologic technologist.

92. Defendant's wrongful conduct, in connection with her offer and sale of her services as a radiologic technologist, was done with the intent to deceive the public as to the nature, characteristics, or qualities of Defendant's commercial activities.

93. By reason of Defendant's acts alleged herein, ARRT has been and will continue to be harmed by Defendant's wrongful conduct. ARRT has and will suffer damage to its business, reputation, and goodwill by reason of Defendant's acts and theft of ARRT intellectual property.

## **PRAYER FOR RELIEF**

WHEREFORE, ARRT demands a judgment in its favor and demands the following relief:

94. An Order finding that Defendant breached the Agreement and as a result, ARRT is entitled to $10,000 per event of Default;

95. An Order:

    (a) Prohibiting and preliminarily and permanently enjoining Defendant, pursuant to 15 U.S.C. § 1116, from directly or indirectly using, reproducing, copying, or imitating the ARRT trademarks, service marks, certification marks, or any other mark, word, or name similar to the ARRT trademark, which is likely to cause confusion, mistake or to deceive;

    (b) Prohibiting and preliminarily and permanently enjoining Defendant, pursuant to 15 U.S.C. § 1116, from representing in any manner, including but not limited to orally and in writing, that she is certified

and registered by ARRT, or representing that she is affiliated with ARRT in any other manner;

(c) Commanding Defendant, pursuant to 15 U.S.C. § 1118, to deliver to ARRT all materials in her possession, custody, or control bearing, containing or using the ARRT trademark, service marks, or certification marks; and

(d) Commanding Defendant to file with the Court and serve on ARRT within thirty (30) days after the service on Defendant of the Court's Order, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's Order.

96. A decree ordering an accounting by Defendant to establish all profits she has realized as a result of the wrongful acts set forth in this Complaint.

97. Judgment against Defendant specifically including but not limited to the following, to the extent allowed by law (including 15 U.S.C. §§ 1114, 1117, and 1125 and the laws of Colorado and Minnesota):

(a) $10,000 per Default pursuant to the Agreement;

(b) Any other actual monetary damages sustained by ARRT;

(c) The profits unlawfully earned by Defendant as a result of her unlawful acts, as set forth herein;

(d) Treble damages;

(e) Costs and prejudgment interest; and

(f) Attorneys' fees.

98. Such other and further relief as the Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

99. ARRT demands trial by jury on all issues so triable.

Dated: January 2, 2026                                    DORSEY & WHITNEY LLP

By  s/ *Payton George* _____
   Ben D. Kappelman (#0395122)
   kappelman.ben@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

   Payton George (#0400073)
   george.payton@dorsey.com
1401 New York Avenue NW, Suite 900
Washington DC, 20005
Telephone: (202) 442-3000

*Attorneys for Plaintiff The American Registry of Radiologic Technologists*